**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 07-20293-CIV-SEITZ/MCALILEY

SM LICENSING CORPORATION, a Florida
corporation

      Plaintiff / Counter-Defendant

v.

U.S. MEDICAL CARE HOLDINGS, L.L.C. a
Florida Limited Liability Company, and
DR. SASSON MOULAVI,

      Defendant / Counter-Plaintiff / Third Party Plaintiff

v.

DR. SANFORD SIEGAL

      Third Party Defendant
_____/

## ORDER DENYING AS MOOT DEFENDANTS U.S. MEDICAL CARE HOLDINGS, L.L.C. AND DR. SASSON MOULAVI'S MOTION TO DISMISS

THIS MATTER is before the Court on the motion of Defendants U.S. Medical Care Holdings, L.L.C. and Dr. Sasson Moulavi ("Defendants") to Dismiss Count IV of Plaintiff's Complaint [DE 27]. Defendants claim that because Plaintiff failed to duly register its alleged copyright in the Sicle Photograph[1] before filing suit, Count IV[2] should be dismissed for lack of jurisdiction pursuant to 17 U.S.C. § 411(a). This section states that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (2007). In the Eleventh Circuit, simply filing an application for copyright registration is not sufficient to provide federal courts with jurisdiction. *See Home Design Services, Inc. v. Green Horne Corp.*, 2003 WL 21544165, * 1 (M.D. Fla. 2003). Here, Plaintiff's Complaint clearly states that while it had filed

---

[1] The Sicle Photograph is a "before and after" picture of Antonio and Evan Sicle taken by Plaintiff's contracted photographer Robert G. Holmes. (Complaint at 6-7.)

[2] Count IV alleges copyright infringement relating to the Sicle Photograph. (Complaint at 17-18.)

an application for federal copyright registration of the Sicle Photograph, it had not yet been received. After commencing this lawsuit, however, Plaintiff received the actual Certificate of Registration ("Certificate") and filed a copy of it on February 12, 2007.

Thus, even though Defendants were aware that Plaintiff had received the actual Certificate relating to the Sicle Photograph, they proceeded to file their motion to dismiss because Plaintiff had not received it prior to commencement of the lawsuit. Defendants then apparently changed their mind, because on March 26, 2007, they filed a motion to voluntarily withdraw their motion to dismiss Count IV. Defendants concede that Plaintiffs could easily amend the Complaint to reflect the fact that they had received the Certificate. Additionally, Defendants sought leave to amend its Answer to address Plaintiff's Count IV and requested a ten day extension to file the Amended Answer.

Plaintiff responded to Defendants' motion to withdraw the next day stating that it has no objection to its voluntary withdrawal. Plaintiff, however, objected to Defendants' request for an extension of ten days to file their Amended Answer because such request did not conform to S.D. Fla. L.R. 15.1, which states that "[a] party who moves to amend a pleading shall attach the original of the amendment to the motion." S.D. Fla. L.R. 15.1. Plaintiff claims that it will be prejudiced by the delay of ten days.

Plaintiff further states that upon receiving the motion to dismiss, it faxed a letter to Defendants requesting that the motion to dismiss be withdrawn, but Defendants did not respond. Plaintiff's counsel then spoke to Defendants' counsel on two occasions requesting withdrawal of the motion. On March 21, 2007, Defendants agreed to withdraw the motion, but did not do so until March 26, 2007, the day that Plaintiff's response to the motion to dismiss was due, thus requiring Plaintiff to draft the response.

While it is clear that Defendants did not properly submit a copy of the Amended Answer with its motion for leave to amend as required under the Local Rules, Fed. R. Civ. P. 15(a) clearly states that "leave [to amend] shall be freely given when justice so requires." Thus, because Plaintiff initially faltered by not waiting to receive the actual Certificate of Registration before filing suit, Defendants shall be permitted to

file an Amended Answer.[3]

Therefore, for the reasons set forth herein, it is hereby

ORDERED that:

(1)     Defendants' Motion to Voluntarily Withdraw Their Motion to Dismiss Count IV [DE 35] is GRANTED.

(2)     Defendants' motion for leave to file an Amended Answer [DE 35] is GRANTED. Defendants shall file by **5:00 p.m. on April 27, 2007** a copy of the entire Amended Answer including the portion relating to Count IV.

DONE and ORDERED in Miami, Florida, this 26th day of April, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Chris M. McAliley
Counsel of Record

---

[3]  Advisory to Counsel

Counsel's handling of this issue suggests to the Court that Counsel may have lost sight of the high level of professionalism that the Court knows Counsel is capable of and which the Court expects Counsel will exhibit at all times. Specifically, it appears that there may have been unnecessary delay in Defendants' withdrawal of their motion to dismiss, causing Plaintiff to incur the expense of drafting a response. The Court expects Counsel to assist it by being the creative problem solvers that they are trained to be. Failure to assist the Court may result in sanctions being imposed on Counsel personally.